In the Matter of the Petition of Eva Roberts Lawton, Petitioner, to Compel Delivery of Property by Ivory C. Lawton, as Executor and Trustee under the Will of Charles B. Lawton, Deceased.

Surrogate's Court, Fulton County, April 8, 1929.

*Alfred D. Dennison,* for the petitioner.

*Theodore R. Haviland,* for the executor and residuary legatees.

Calderwood, S. The above-named Charles B. Lawton departed this life at and resident of the village of Northville, in the county of Fulton and State of New York, testate, on the 12th day of October, 1918. Upon due proceedings had therefor in this court his last will and testament was duly admitted to probate herein on the 25th day of October, 1918, and letters testamentary were granted on said date out of said court unto Ivory C. Lawton, his brother, the sole executor therein named, he having duly qualified as such executor. The testator was survived by Eva R. Lawton, his widow, being the identical person described in the paragraph

of said will hereinafter quoted, and by Harry D. Lawton, said Ivory C. Lawton and Ruth Barker, his brothers and sister and only heirs and next of kin.

Among other provisions contained in said will is the following, viz.:

" *Third.* To my friend, Miss Eva Roberts, now residing at said Village of Northville, I give and bequeath the income fiom twenty shares of the capital stock of said Northville Bank, for and during the term of her natural life; and from and after her decease, I give said twenty shares of stock in fee, share and share alike, to my said sister, Ruth Barker and my brothers, Harry D. Lawton and Ivory C. Lawton. In the event that any of my said brothers or sister may not then be living, the survivors or survivor shall take the whole."

Decedent's widow took no other provision or property under said will.

On or about January 11, 1927, said Northville bank increased its capital stock from $30,000 to $60,000 by the transfer of $30,000 from its then accumulated and undivided profits, and distributed said increased capital as a stock dividend of 100 per cent to its stockholders of record as of January 11, 1927 (or December 31, 1926). On such distribution the tiustee under said will, as such, received twenty shares of the capital stock of said bank, in addition to the twenty shares so held by him under the trust created by the paragraph of said will above quoted.

Said Eva Roberts Lawton has petitioned this court setting forth the facts aforesaid, also other allegations with respect to the intrinsic value of each of said original twenty shares of stock both at the date of death of said decedent and at the time of the declaration and distribution of the aforesaid stock dividend, in which she also alleges that she as life beneficiary is entitled under the provisions of said will to eighteen of said twenty shares so issued as such stock dividend; that she has made a demand on said trustee therefor, more than one year having elapsed since he so received the same; that said trustee holds the same and neglects and refuses to deliver the same to her, and she prays an order directing delivery to her by said Ivory C. Lawton of said eighteen shares of stock, by her alleged to represent income accrued on said original twenty shares of stock which has accrued subsequent to the death of the said testator.

Answers to said petition have been filed herein both by said Ivory C. Lawton, as executor and trustee under said will, and by said Harry D. Lawton, Ivory C. Lawton and Ruth Barker, individually, they contending, among other things, and alleging

that the stock dividend mentioned and referred to in said petition was payable by said Northville bank in the stock of said corporation declaring the same after the enactment of chapter 843 of the Laws of 1926, and after said law became effective; and because of the said mentioned amendment to section 17-a of the Personal Property Law (added by Laws of 1922, chap. 452) of the State of New York all of the stock dividend declared by said bank in respect of the stock of such corporation composing the principal of the trust created under decedent's will should be treated by the executor and trustee as principal only, and not income of such trust, said respondents denying that said petitioner is entitled to receive any of said twenty shares of stock dividend so declared and distributed by said bank to its stockholders of record on January 11, 1927.

After due deliberation I have reached the conclusion that my decision must be, and is, against the respondents on the issue thus raised. The right of said life beneficiary to receive during her life the income from the twenty shares of stock forming such trust, whether such income was distributed in cash or by stock dividend, was a property right, and as such had become vested prior to the enactment of the statute above referred to. Said section 17-a provides: "Unless otherwise provided in a will, deed or other instrument, *which shall hereafter be executed* and shall create or declare a trust, any dividend which shall be payable in the stock of the corporation or association declaring or authorizing such dividend and which shall be declared or authorized hereafter in respect of any stock of such corporation composing, in whole or in part, the principal of such trust, shall be principal and not income of such trust. * * * " This section I feel should not, under the language employed, be deemed as intended by the Legislature to be retroactive in its scope or effect, and is applicable only to trusts created subsequent to May 17, 1926. (*Matter of Norton,* 129 Misc. 875, 887.) For reasons stated in the decision in said *Matter of Norton,* I have reached the conclusion that the rule of law which controls the trust created by the will of Charles B. Lawton, and which should here be followed, is that announced in *Matter of Osborne* (209 N. Y. 450, 484, 485).

While the exact intrinsic value of the original trust investment as of October 12, 1918, the date of its creation, does not appear, it does appear from the proof submitted, being the records of said bank, employing the method of determination outlined in *Matter of Osborne (supra)*, that the intrinsic value of twenty shares of said bank stock as of June 30, 1918, was $7,202.40, or $360.12 per share, and as of December 31, 1918, $7,551.60, or $377.58 per share. At the hearing held July 16, 1928, it was conceded as matter

of fact that the value of this trust investment as of October 12, 1918 was $7,400.28. While effort was made at the hearing held March 26, 1929, to withdraw all stipulations, I am of the opinion and here find and decide that the intrinsic value of said twenty shares of bank stock as of October 12, 1918, was not to exceed said sum of $7,400.28. Employing the aforesaid method it also appears from the proof submitted that the intrinsic value of said original twenty shares after the declaration of said extraordinary and stock dividend, made on the basis of the condition of said bank as of December 31, 1926, was $6,566.80, or $328.34 per share. This would require the retention by said trustee of three shares of said stock dividend (less $151.54) to maintain the original corpus of said trust unimpaired, leaving the remaining seventeen shares of said stock dividend, representing income accrued on the corpus of said original trusts subsequent to the date of death of said testator, to be awarded to the life beneficiary, under the terms of said trust so created for her benefit.

I am of the opinion, therefore, that the said trustee should retain three of the twenty shares of said stock dividend in the corpus of said trust, and that the remaining seventeen shares thereof must be awarded to Eva Roberts Lawton, the life beneficiary. Decree is directed to be made and entered accordingly.